**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

KATHLEEN M. MILLER
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10501
WILMINGTON, DELAWARE 19801
TELEPHONE (302) 255-0669

September 23, 2025

William H. Leonard, Esq.
Department of Justice
820 North French Street, 7th Floor
Wilmington, DE 19801

Paige C. Chapman, Esq.
Office of Defense Services
820 North French Street, 3rd Floor
Wilmington, DE 19801

Re:     *State v. Anthony L. Watkins*
        Case No.: 1609021468

Dear Counsel:

After supplemental submissions by the parties, the State's request for restitution is ripe for decision.

### Background
On May 5, 2025, Mr. Watkins pled guilty to Burglary 3rd and was immediately sentenced, which included payment of restitution. The State was given 60 days to submit a Restitution Memorandum, which it filed on July 3. The memorandum detailed $4,652.05 in out-of-pocket losses suffered by victim Amanda Coen.[1] The State seeks restitution in this amount.

Mr. Watkins requested a restitution hearing, which the Court set for August 21, 2025. Mr. Watkins failed to appear. However, based on *Pratt v. State,*[2] his counsel requested that the Court consider Mr. Watkins' inability to pay when setting the amount of restitution.

### The parties' contentions
The defense argues that prior to resolution of the Burglary charge, Mr. Watkins was incarcerated in Pennsylvania for eight years. Upon completion of that sentence, he was extradited to Delaware, where he was held until sentencing in this

---

[1] There is no factual dispute over the amount sought in the restitution memorandum.
[2] 486 A.2d 1154 (Del. 1984).

matter.[3]  Since being released to probation on the Burglary charge, Mr. Watkins has been living in a halfway house.  Because of his felony convictions and being out of the job market for almost 10 years, the prospects for employment are diminished. Additionally, the defense argues, after his release from the halfway house, Mr. Watkins will need to find housing, which will come with its own set of financial responsibilities.  Thus, the end of his punishment for this crime will be pushed "too far out of sight."  The defense seeks a 50% reduction in the amount of restitution.

The State argues that Section 4106 "appears to demand full restitution."[4]  And, even though the Supreme Court articulated restitution guidelines in *Pratt*, the court affirmed the restitution ordered in that case, which was in an amount greater than the amount requested here.[5]  Finally, the State asserts that Mr. Watkins' current financial circumstances are a result of his criminal history and therefore, he should not be relieved from making the victim whole.

### *Discussion*

Section 4106 provides, in relevant part:

(a) Any person convicted of stealing, taking, receiving, converting, defacing or destroying property, shall be liable to each victim of the offense for the value of the property or property rights lost to the victim and for the value of any property which has diminished in worth as a result of the actions of such convicted offender and shall be ordered by the court to make restitution….

(b) In accordance with the evidence presented to the court, the court shall determine the nature and amount of restitution, if any, to be made to each victim of the crime of each convicted offender. The offender shall be ordered to pay a fixed sum of restitution ….

There is no statutory requirement that the court consider a defendant's ability to pay when determining the amount of restitution.  If a defendant is unable to pay

---

[3] The charges stem from events in 2016, for which Watkins was indicted in 2017.  He was sentenced on the Burglary 3rd charge to 3 years at Level V, suspended for time-served (165 days), followed by probation.

[4] A person convicted of stealing, "shall be liable to each victim" for restitution.

[5] The Superior Court ordered restitution in the amount of $22,955.48.  The Supreme Court also noted that the defendants were "transient servicemen stationed in Delaware" and that the primary beneficiaries of the restitution were insurance companies.

restitution, the court may order the defendant to work for the Department of Correction as a substitute.[6]

The Supreme Court in *Pratt v. State,*[7] provided guidelines when ordering restitution. First, the court recognized that ordering restitution is discretionary, but it should be ordered when the victim has "suffered an actual monetary loss."[8] Second, "[t]he defendant's ability to pay is an element to be considered in determining the amount of restitution and the schedule of payments."[9] Finally, it is the defendant's burden to prove, by a preponderance of the evidence, his financial condition and lack of resources.[10]

While Section 4106 provides that a defendant "shall" be liable, the amount of restitution ordered is within the discretion of the court.[11] A defendant's inability to pay is a *consideration*, but is not determinative of the amount of restitution imposed.[12] Mr. Watkins bears the burden of proving his inability to pay and why a reduction in the amount requested is appropriate here. He failed to do so.

Mr. Watkins' employment opportunities will undoubtedly be impacted by having served a lengthy prison sentence and his previous felony convictions. He did

---

[6] 11 *Del. C.* § 4105(b)(1).

[7] 486 A.2d 1154 (Del. 1983).

[8] *Id.* at 1161.

[9] *Id.* The guidelines, taken from the Report of the Ad Hoc Committee on Restitution, provide in full:

> (1) Victim loss statements used by the police and/or the Presentence Office must be changed to ask for market value, as opposed to replacement value or replacement cost.
> (2) Whenever possible, victim loss statements should be completed by the victim, who must include a receipt or other verification of the loss statement.
> (3) A letter informing the victim of the right to seek restitution must accompany the loss statement.
> (4) Restitution is discretionary and its imposition shall be governed by 11 *Del.C.* § 4106(a).
> (5) Restitution should be ordered when the victim has suffered an actual monetary loss through personal injury, damage to or destruction or theft of property.
> (6) Restitution should cover the victim's own out-of-pocket expenses and losses as a first priority; losses covered by insurance are the lowest priority.
> (7) The defendant's ability to pay is an element to be considered in determining the amount of restitution and the schedule of payments.

[10] *Benton v. State*, 711 A.2d 792, 800 (Del. 1998); *State v. Casella*, 2005 WL 1004768, at *2 (Del. Super. Apr. 29, 2005).

[11] *See Pratt,* 486 A.2d at 1161.

[12] *Casella,* 2005 WL 1004768, at *2.

not, however, appear at the sentencing hearing, and so, the Court has no factual basis to further evaluate his ability to pay.

Moreover, the court has inherent authority to readjust a defendant's payment schedule at any time.[13]  The Court finds that it is premature to assess Mr. Watkins' ability to pay.  Mr. Watkins was released to probation only a few months ago.  The Court has no factual record of attempts to find employment, employment history, good faith attempts to make payments, or any other factor that may bear on his inability to pay.  Under Mr. Watkins' theory, any defendant who recently completed a long prison term would be eligible for a reduction in restitution.  The Court, however, is not willing to reduce a victim's restitution simply due to the defendant's criminal history.

Mr. Watkins is ordered to pay restitution in the amount of $4,652.05.  A modified sentencing order will be entered.

**IT IS SO ORDERED**.

/s/Kathleen M. Miller
Kathleen M. Miller, Judge

Original to Prothonotary

---

[13] *Pratt,* 486 A.2d at 1160.